UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00625-FDW-DCK

| | |
|---|---|
| JAVED MANIYA, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>NEIGHBORHOOD ASSISTANCE )<br>CORPORATION OF AMERICA, )<br>)<br>    Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court *sua sponte* following Defendant Neighborhood Assistance Corporation of America's ("Defendant") Motion for Judgment on the Pleadings. (Doc. No. 8). Pro se Plaintiff Javed Maniya ("Plaintiff") originally sued Defendant in state court alleging violations of North Carolina's Consumer Protection statutes, Breach of Contract, and— by reference—various Federal Trade Commission ("FTC") Rules. (Doc. No. 1, Ex. A). Defendant removed this action from North Carolina Superior Court of Mecklenburg County. (Doc. No. 1). In support of removal, Defendant asserted that this Court possessed federal question jurisdiction over the alleged FTC Rules violations pursuant to 28 U.S.C. § 1331 and, therefore, could also exercise supplemental jurisdiction per 28 U.S.C. § 1367 over Plaintiff's remaining state law claims. Id. As explained below, this case is hereby **REMANDED** and Defendant's pending Motion for Judgment on the Pleadings is **DENIED AS MOOT**.

A district court is required to remand a removed action to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. 1447(c). The party seeking removal has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The court must

strictly construe removal jurisdiction, and resolve all doubts in favor of remand. Id. The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides in relevant part:

> [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). In this case, there is no allegation of jurisdiction based on diversity of citizenship between the parties.[1] (See Doc. No. 1). Accordingly, the propriety of removal depends on whether the suit raises a federal question; that is, whether it is an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, Defendant contends that Plaintiff's allegations of FTC Rules violations—specifically, rules relating to Advance Fee Fraud and Mortgage Assistance Relief Services—present federal questions appropriate for resolution under 28 U.S.C. § 1331. However, the Federal Trade Commission Act affords plaintiffs no private right of action to enforce its provisions. See Wilson v. SunTrust Bank, 2012 WL 3278821 (W.D.N.C. Aug. 10, 2012). Defendant's own Motion for Judgment on the Pleadings acknowledges as much. (Doc. No. 9, pp. 6-7).

It is well settled that when a plaintiff is barred from bringing a private, federal cause of action, either substantively or procedurally, no federal subject matter jurisdiction exists over that plaintiff's state cause of action predicated on a violation of same federal law. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 814, 817 (1986) (holding that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has

---

[1] The Court further notes that the amount in controversy requirement of 28 U.S.C. § 1332 does not appear to be satisfied in any event.

determined that there should be no private, federal cause of action for the violation" does not raise a substantial question of federal law); see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 818-19 (4th Cir. 2004). In Merrell Dow, the Supreme Court reasoned that to ignore Congress' decision not to create a private federal remedy during the § 1331 jurisdictional inquiry would "flout, or at least undermine, congressional intent." 478 U.S. at 812. Accordingly, the Court finds that it lacks subject matter jurisdiction over this case. Without the requisite basis of subject matter jurisdiction, supplemental jurisdiction over Plaintiff's remaining state law claims is likewise unavailable. Remand is therefore required by 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that this case be remanded to state court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 8) is denied as moot.

**IT IS SO ORDERED.**

Signed: February 10, 2016

Frank D. Whitney
Chief United States District Judge